■ BERNARD MAYER et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent. [597 NYS2d 4] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered December 31, 1992, which denied plaintiffs' motion for partial summary judgment as to liability and granted defendant's cross-motion for summary judgment dismissing the complaint, unanimously modified, on the law, to declare that defendant is not obligated to defend and indemnify plaintiffs, and otherwise affirmed, with costs.

We agree with the IAS Court that the complaint of the Rehabilitator of the "Insurance Company represented" against plaintiffs, the "Company's" agents, alleging, *inter alia,* conversion of premiums, falls outside the scope of the errors and omissions policy issued by defendant, which does not cover claims by the Company against its own agents, the insureds under the policy, but only claims by "others" against the "Company's" agents. Moreover, section 8.4 (A) excludes any "fraudulent or malicious act, error or omission" from coverage. Since the gravamen of the complaint is fraudulent conversion, the exclusion applies. Accordingly, defendant has no obligation to defend plaintiffs against these charges of conversion *(Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663). We modify only to make the necessary declaration *(see, Lanza v Wagner,* 11 NY2d 317, 334). Concur—Murphy, P. J., Sullivan, Carro and Kupferman, JJ.